[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-12918

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RAEQWON EMMANUEL MUNNERLYN,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:23-cr-00026-JA-PRL-1

————————————————

Before ROSENBAUM, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Raeqwon Munnerlyn pleaded guilty to distributing and possessing with intent to distribute methamphetamine and possessing a firearm as a convicted felon and was sentenced to a term of imprisonment to be followed by a term of supervised release. At the sentencing hearing, the court told Munnerlyn that he would have to comply with the court's standard conditions of supervised release. In its written judgment, the district court listed 13 standard conditions that applied to Munnerlyn. These conditions match the standard conditions set forth in the Sentencing Guidelines as well as the standard conditions listed on a criminal judgment form found on the district court's website.

On appeal, Munnerlyn argues that the court violated his constitutional right to due process because it did not expressly list each of the 13 standard conditions at his sentencing hearing. The government has moved to dismiss the appeal based on the appeal waiver provision in Munnerlyn's plea agreement. After reviewing the plea agreement and our recent decision in *United States v. Read*, 118 F.4th 1317 (11th Cir. 2024), we conclude that Munnerlyn waived his right to appeal and grant the government's motion to dismiss.

## I.

A grand jury indicted Munnerlyn for distributing and possessing with intent to distribute 50 grams or more of

methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Munnerlyn pleaded guilty to both counts in a written plea agreement. In exchange for Munnerlyn pleading guilty, the government agreed, among other things, not to charge him with any other federal offenses related to the conduct giving rise to the plea agreement.

The terms of the plea agreement addressed Munnerlyn's right to appeal. He agreed to waive his "right to appeal [his] sentence on any ground, including the ground that the [district court] erred in determining the applicable guidelines range." Doc. 22 at 11.[1] The plea agreement set forth three exceptions that permitted Munnerlyn to appeal only if his sentence: (1) exceeded the applicable guidelines range as determined by the district court, (2) exceeded the statutory maximum penalty, or (3) violated the Eighth Amendment to the Constitution. At a change of plea hearing, Munnerlyn indicated that he understood he was waiving his right to appeal. The district court accepted his guilty plea.

Before Munnerlyn's sentencing hearing, the probation office prepared a presentence investigation report ("PSR"). Regarding supervised release, the PSR stated that the court had to impose, at a minimum, a five-year term of supervised release for the controlled substance offense. The PSR also noted that the following special conditions of supervised release could be warranted: substance

---

[1] "Doc." numbers refer to the district court's docket entries.

abuse treatment, mental health treatment, and search conditions. It did not mention any standard or discretionary conditions of supervised release.

At sentencing, the district court imposed a total sentence of 220 months' imprisonment to be followed by a five-year term of supervised release. The court directed that Munnerlyn was required to comply with three special conditions while on supervised release: (1) to participate in a substance abuse program and submit to random drug testing; (2) to participate in a mental health treatment program; and (3) to submit to searches of his person, residence, place of business, storage unit, or vehicle so long as there was reasonable suspicion of contraband or evidence of a violation of a condition of supervised release. The court also stated that Munnerlyn had to "comply with the mandatory and standard conditions adopted by the Court in the Middle District of Florida." Doc. 52 at 20. But the court did not list what those standard conditions were. When the court asked whether there were any objections to the sentence or the way it was pronounced, Munnerlyn's attorney responded no.

After the sentencing hearing, the district court entered a written judgment. One section of the judgment addressed the conditions that would apply when Munnerlyn was on supervised release. It listed the special conditions that the court had mentioned at sentencing—substance abuse treatment with random drug testing, mental health treatment, and submitting to searches based on reasonable suspicion. In addition, the judgment listed 13 individual

"standard conditions" of supervised release. Doc. 35 at 4. The 13 conditions matched the standard conditions on the criminal judgment form found on the website for the Middle District of Florida.[2] The conditions also matched the standard conditions set forth in the Sentencing Guidelines. *See* U.S. Sent'g Guidelines Manual § 5B1.3(c).

This is Munnerlyn's appeal.

## II.

We review *de novo* the scope of an appeal waiver. *Rudolph v. United States*, 92 F.4th 1038, 1043 (11th Cir. 2024).

## III.

Munnerlyn appeals the district court's imposition of the 13 "standard conditions" while he is on supervised release. He says that the district court violated his right to due process because it added these conditions in the written judgment without announcing them at the sentencing hearing. The government moves to dismiss based on the appeal waiver. Because Munnerlyn waived his right to appeal, we grant the government's motion.

It is well established that a defendant may knowingly and voluntarily waive his right to appeal his sentence. *See United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). The question we face here is whether in the plea agreement Munnerlyn waived

---

[2] The form was last revised approximately four years before the district court sentenced Munnerlyn.

his right to appeal his sentence on the ground that the district court violated his due process rights in imposing certain supervised release conditions.

We recently confronted this issue in *Read*. In that case, a defendant pleaded guilty and waived his right to appeal his sentence unless it: exceeded the guidelines range as calculated by the district court at sentencing, exceeded the maximum statutory penalty, or violated the Eighth Amendment. *Read*, 118 F.4th at 1319. At the sentencing hearing, the court listed several special conditions of supervised release and stated that the defendant would have to comply with "the mandatory and standard conditions adopted by the Court in the Middle District of Florida." *Id.* at 1320 (internal quotation marks omitted). It later entered a written judgment, which contained 13 standard conditions for the defendant's supervised release. *Id.*

In *Read*, the defendant argued on appeal that a due process violation occurred when the district court imposed the 13 standard conditions in its written judgment without having described them at the sentencing hearing. *Id.* We dismissed the appeal based on the defendant's appeal waiver. We explained that there was "no discrepancy between the oral pronouncement and the written judgment" because the "latter only expound[ed] the former." *Id.* at 1322. Because the defendant's appeal was "challeng[ing] the way the district court imposed his sentence," we concluded that it was barred by the appeal waiver in his plea agreement. *Id.* at 1322–23.

Given our decision in *Read*, we conclude that the appeal waiver in Munnerlyn's plea agreement bars his appeal. Accordingly, we **GRANT** the government's motion to dismiss.[3]

**DISMISSED**.

---

[3] Even if the plea agreement did not bar Munnerlyn's appeal and we reached the merits of his due process challenge, he would not be entitled to any relief. A recent decision from our Court makes clear that the district court did not plainly err in imposing the conditions. *See United States v. Hayden*, No. 19-14780, __F.4th __, 2024 WL 4377360, at *5 (11th Cir. Oct. 3, 2024). There was no plain error here because the court stated at the sentencing hearing that Munnerlyn would have to comply with the Middle District of Florida's standard conditions of supervised release. These conditions were listed on a publicly available judgment form and tracked the standard conditions of supervised release in the relevant sentencing guideline.